UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEWYORK

|  |  |
|---|---|
| ――――――――――――――――――――――――X : | 07 CV 10389 (J.Scheindlin) |
| MIKHAIL KONOVALOVA, Individually and as personal representative of the Estate of IRINA N. KONOVALOVA, deceased, MARINA KONOVALOVA;SERGEY NIKOLAEVICH SAVKIN; and DANIIL SERGEVICH SAVKIN, a minor, by and through his father, guardian and next friend, SAVKIN SERGEY NIKOLAEVICH; | ANSWER |
| VERA AGLYAMOVNA, BALDAEVA, individually and as personal representative of the Estate of NADEZHDA LVOVNA BALDAEVA, deceased; |  |
| NADEZHDA VASILIEVNA SIDIROVA, individually and as personal representative of the Estate of VASILY VIKTOVOVICH SIDIROV, deceased, |  |
| Plaintiffs, |  |
| -vs- |  |
| CESSNA AIRCRAFT COMPANY and GGODRICH CORPORATION |  |
| Defendants |  |
| ――――――――――――――――――――――――X |  |

Defendant CESSNA AIRCRAFT COMPANY, by its attorneys, Murphy & McKenna LLC, sets forth the following as its answer to plaintiffs' complaint in this action:

## JURISDICTION AND VENUE

1. Cessna is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Jurisdiction and Venue portion of the Complaint, and on that basis denies those averments.

2. Answering paragraph 2 of the Jurisdiction and Venue portion of the Complaint, whether jurisdiction is proper in this judicial district is a legal conclusion to which no response is necessary.

3. Cessna denies the averments of paragraph "3" of the complaint and refers all questions of law to the Court.

## GENERAL ALLEGATIONS

4. Cessna denies each and every allegation of paragraph "1" of the General Allegations, except admits that it designed, manufactured, and assembled portions of Cessna Model 208B aircraft, serial number 208B1052 and sold it.

5. Cessna denies each and every allegation of paragraph "2" of the General Allegations, except admits that it designed, manufactured, and assembled portions of Cessna Model 208B aircraft under Type Certificate A37CE.

6. Cessna admits the allegations of paragraph "3" of the General Allegations.

7. Cessna admits the allegations of paragraph "4" of the General Allegations.

8. Cessna denies knowledge or information sufficient to form a belief as to the truth of the averments in paragraph "5" of the General Allegations.

9. Cessna denies knowledge or information sufficient to form a belief as to the truth of the averments in paragraph "6" of the General Allegations.

10. Cessna admits the allegations of paragraph "7" of the General Allegations.

**FIRST CLAIM FOR RELIEF—PRODUCT LIABILITY—CESSNA**

11.     Cessna incorporates by reference its responses to paragraphs "1" through "7" of the General Allegations as though fully set forth again in this paragraph.

12.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "8" of the first claim for relief.

13.     Cessna denies the allegations of paragraph "9" of the first claim for relief.

14.     Cessna denies the allegations of paragraph "10" of the first claim for relief.

15.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "11" of the first claim for relief.

16.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "12" of the first claim for relief.

17.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "13" of the first claim for relief.

18.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "14" of the first claim for relief.

19.     Cessna denies the averments in paragraph 15 of the first claim for relief.

20.     Cessna is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 16 of the first claim for relief.

21.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "17" of the first claim for relief.

22.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "18" of the first claim for relief.

**SECOND CLAIM FOR RELIEF—NEGLIGENCE—CESSNA**

23.     Cessna incorporates by reference its responses to paragraphs "1" through "7" of the General Allegations as though fully set forth again in this paragraph.

23.     In response to paragraph "8" of the second claim for relief, Cessna admits that it had a duty to design, manufacture, and assemble the aircraft pursuant to the standards promulgated by the Federal Aviation Administration.  Cessna met all such standards.  Cessna denies that it had a duty to design, manufacture, or assemble the aircraft to any standard other than the standard determined by the Federal Aviation Administration.  As to the design, manufacture, assembly, sale and/or distribution, testing, and instructions as to use and warnings, Cessna specifically denies that it breached any duties imposed on it by law.

23.     Cessna denies the allegations in paragraph "9" of the second claim for relief.

24.     Cessna denies the allegations in paragraph "10" of the second claim for relief.

25.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the second claim for relief.

26.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the second claim for relief.

27.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph  "13" of the second claim for relief.

28.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the second claim for relief.

29.     Cessna denies the allegations in paragraph "15" of the second claim for relief.

30.     Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the second claim for relief.

31.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the second claim for relief.

32.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the second claim for relief.

### THIRD CLAIM FOR RELIEF—BREACH OF WARRANTY—CESSNA

33.  Cessna incorporates by reference its responses to paragraphs "1" through "7" of the General Allegations as though fully set forth again in this paragraph.

34.  In response to paragraphs 8 and 9 of the third claim for relief, Cessna admits that it provided an express limited warranty to the airplane's initial purchaser. Cessna denies, however, that any implied warranties existed. Cessna expressly disclaimed and/or limited all warranties, whether express or implied.

35.  Cessna denies the allegations made in paragraph "10" of the third claim for relief.

36.  Cessna denies the allegations made in paragraph "11" of the third claim for relief.

37.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the third claim for relief.

38.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the third claim for relief.

39.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the third claim for relief.

40.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the third claim for relief.

41.   Cessna denies the allegations in paragraph "16" of the third claim for relief.

42.   Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the third claim for relief.

43.   Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the third claim for relief.

44.   Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the third claim for relief.

## FOURTH CLAIM FOR RELIEF—FRAUD—CESSNA

45.   Cessna incorporates by reference its responses to paragraphs 1 through 7 of the General Allegations as though fully set forth again in this paragraph.

46.   In response to paragraph "8 "of the fourth claim for relief, Cessna admits that its employee, Steven McNew, gave his deposition in Wichita, Kansas, on August 1, 2006.  Cessna denies all other averments made in this paragraph.

47.   Cessna denies the allegations of paragraph "9" of the fourth claim for relief, except admits that it offers, through its Cessna Safety Awareness Program/Winter Operations Update, refresher courses for Caravan pilots and others addressing issues related to operating the Caravan in winter weather, and that these refresher courses have been taught at various locations throughout the United States and Canada.

48.   Cessna denies the allegations of paragraph "10" of the fourth claim for relief, except admits that it made its Cessna Safety Awareness Program/Winter Operations Update available to Caravan operators, among others, and that one purpose of the program is to refresh operators' knowledge and training concerning flying into icing conditions.

49. Cessna denies the allegations of paragraph "11" of the fourth claim for relief, except admits that Mr. McNew and others used illustrative charts to aid presentation of the program materials.

50. Cessna denies the allegations of paragraph "12" of the fourth claim for relief, except admits that certain illustrative charts or portions of them have been referred to by governmental entities, including the National Transportation Safety Board (NTSB) and Canadian Transportation Safety Board, and by private pilot training companies, including FlightSafety International.

51. Cessna denies the allegations of paragraph "13" of the fourth claim for relief.

52. Cessna denies the allegations of paragraph "14" of the fourth claim for relief, except admits that data used for illustrative or demonstrative purposes in the training materials must be data derived from or based on flight testing of the Cessna Model 208B aircraft and states that its training materials are accurate.

53. Cessna denies the allegations of paragraph "15" of the fourth claim for relief.

54. Cessna denies the allegations of paragraph "16" of the fourth claim for relief.

55. Cessna denies the allegations of paragraph "17" of the fourth claim for relief.

56. Cessna denies the allegations of paragraph "18" of the fourth claim for relief.

57. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the fourth claim for relief.

58. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the fourth claim for relief.

59. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the fourth claim for relief.

60. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the fourth claim for relief.

61. Cessna denies the allegations of paragraph "23" of the fourth claim for relief.

62. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "24" of the fourth claim for relief.

63. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "25" of the fourth claim for relief.

64. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "26" of the fourth claim for relief.

**FIFTH CLAIM FOR RELIEF—PUNITIVE DAMAGES—CESSNA**

65. Cessna incorporates by reference its responses to paragraphs "1" through "26" of the fourth claim for relief as though fully set forth again in this paragraph.

66. Cessna denies the allegations of paragraph "27" of the fifth claim for relief.

**SIXTH CLAIM FOR RELIEF—PRODUCT LIABILITY—GOODRICH**

67. Cessna incorporates by reference its responses to paragraphs "1" through "7" of the General Allegations as though fully set forth again in this paragraph.

68. In response to paragraphs "8" through "10" of the sixth claim for relief, Cessna states that the allegations do not apply to Cessna and, therefore, no response by Cessna is necessary. Cessna denies any allegation that the aircraft was defective.

69. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the sixth claim for relief.

70. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the sixth claim for relief.

71. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the sixth claim for relief.

72. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the sixth claim for relief.

73. In response to paragraph "15" of the sixth claim for relief, Cessna states that the allegations do not apply to Cessna and, therefore, no response by Cessna is necessary. Cessna denies any allegation that the aircraft was defective.

74. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the sixth claim for relief.

75. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the sixth claim for relief.

76. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the sixth claim for relief.

## SEVENTH CLAIM FOR RELIEF—NEGLIGENCE—GOODRICH

77. Cessna incorporates by reference its responses to paragraphs "1" through "7" of the General Allegations as though fully set forth again in this paragraph.

78. In response to paragraphs "8" through "10" of the seventh claim for relief, Cessna states that the allegations do not apply to Cessna and, therefore, no response by Cessna is necessary. Cessna denies any allegation that the aircraft was defective.

79. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the seventh claim.

80. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the seventh claim.

81. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the seventh claim.

82. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the seventh claim.

83. In response to paragraph "15" of the seventh claim for relief, Cessna states that the allegations do not apply to Cessna and, therefore, no response by Cessna is necessary. Cessna denies any allegation that the aircraft was defective.

84. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the seventh claim.

85. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the seventh claim.

86. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the seventh claim.

**EIGHTH CLAIM FOR RELIEF—BREACH OF WARRANTY—GOODRICH**

87. Cessna incorporates by reference its responses to paragraphs "1" through "7" of the General Allegations as though fully set forth again in this paragraph.

88. In response to paragraphs "8" through "11" of the eighth claim for relief, Cessna states that the allegations do not apply to Cessna and, therefore, no response by Cessna is necessary. Cessna denies any allegation that the aircraft was defective.

89. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12"of the eighth claim for relief.

90. Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the eighth claim for relief.

91.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the eighth claim for relief.

92.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the eighth claim for relief.

93.  In response to paragraph "16" of the eighth claim for relief, Cessna states that the allegations do not apply to Cessna and, therefore, no response by Cessna is necessary. Cessna denies any allegation that the aircraft was defective.

.   94.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the eighth claim for relief.

95.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the eighth claim for relief.

96.  Cessna denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the eighth claim for relief.

**FIRST AFFIRMATIVE DEFENSE**

97.  Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

98.  Plaintiffs' claims are barred, in whole or in part, because any damages they sustained were proximately caused by the conduct of others, including, but not limited to, the pilot(s), and certain non-parties over whom Cessna had no control, which bars recovery against Cessna or reduces recovery in proportion to the conduct of others. The fault of others, whether parties or not, must be apportioned at trial.

### THIRD AFFIRMATIVE DEFENSE

99. Plaintiffs' claims are barred, in whole or in part, because any damages they sustained were directly and proximately caused by the acts and/or omissions of others, including, but not limited to, the pilot(s), and certain non-parties, over whom Cessna had no control. These acts and/or omissions intervened between the acts and omissions of Cessna, if any, and were the sole, direct, and proximate cause of Plaintiffs' damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

100. Plaintiffs' claims are barred, in whole or in part, to the extent they lack the capacity to bring this action.

### FIFTH AFFIRMATIVE DEFENSE

101. Plaintiffs' claims are barred, in whole or in part, to the extent they are not the real parties in interest as defined by Rule 17, Federal Rules of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE

102. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

103. Plaintiffs' claims are barred, in whole or in part, or their recovery is limited by the doctrine of assumption of the risk.

### EIGHTH AFFIRMATIVE DEFENSE

104. Plaintiffs' claims are barred, in whole or in part, to the extent that the aircraft was not being used in the normal and ordinary way, in a manner recommended by Cessna, or for the purposes for which it was designed, manufactured, and/or sold.

### NINTH AFFIRMATIVE DEFENSE

105.  Plaintiffs' claims are barred, in whole or in part, to the extent that the aircraft described in the Complaint underwent substantial alteration, modification, misuse, or abuse at any time after it left Cessna's control.

### TENTH AFFIRMATIVE DEFENSE

106.  Plaintiffs have failed to plead fraud with particularity, as required by Rule 9, Federal Rules of Civil Procedure.

### ELEVENTH AFFIRMATIVE DEFENSE

107.  The statements or information Plaintiffs allege to be fraudulent are not material facts, nor were the statements or information made with the intent that they would be relied on.

### TWELFTH AFFIRMATIVE DEFENSE

108.  Plaintiffs or Plaintiffs' decedent did not reasonably rely on any statements and or information alleged to be fraudulent.

### THIRTEENTH AFFIRMATIVE DEFENSE

109.  The aircraft described in the Complaint and alleged to have been designed, engineered, manufactured, and/or sold by Cessna, and all publications associated therewith, comply with all applicable industry standards, governmental laws, regulations, and statutes, and the aircraft was neither defective nor unreasonably dangerous at the time the aircraft left Cessna's control.

### FOURTEENTH AFFIRMATIVE DEFENSE

110.  The aircraft described in the Complaint and alleged to have been designed, engineered, manufactured, and/or sold by Cessna, was intended for, and sold to, knowledgeable, sophisticated, and informed users over whom Cessna has no control and who were fully

informed as to the risks and dangers, if any, associated with the aircraft as well as the precautions, if any, required to avoid such risks and dangers.

### FIFTEENTH AFFIRMATIVE DEFENSE

111.   Each and every cause of action contained in the Complaint is preempted or barred by federal law, including, but not limited to, the Federal Aviation Act and the Federal Aviation Regulations.

### SIXTEENTH AFFIRMATIVE DEFENSE

112.   Plaintiffs' claims are barred due to their failure to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

113.   Plaintiffs' claims are barred, in whole or in part, to the extent that Cessna neither designed, engineered, manufactured, nor sold some or all of the components of the aircraft that is alleged to be defective in Plaintiffs' Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

114.   Cessna denies that any express or implied warranty existed or, in the alternative, that any warranty was breached.

### NINETEENTH AFFIRMATIVE DEFENSE

115.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to notify Cessna of any alleged defect within the applicable warranty period, if any such warranties existed.

### TWENTIETH AFFIRMATIVE DEFENSE

116.   Plaintiffs' claims are barred, in whole or in part, because all implied warranties were expressly disclaimed by Cessna.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

117.    To the extent plaintiffs' claims against Cessna are based on breach of warranty or breach of other contractual relationships, those claims are barred because neither Plaintiffs nor Plaintiffs' decedent have a contractual relationship, express or implied, with Cessna.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

118.    Plaintiffs' claims of breach of warranty are barred because any such warranties were disclaimed or expressly limited.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

119.    Plaintiffs have failed to join indispensable parties necessary to this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

120.    Standards for airworthiness and maintenance of general aviation aircraft are a function reserved solely to the United States government, and in particular, to the Federal Aviation Administration. As a matter of law, Cessna cannot be liable for any aircraft component or defect in any aircraft component or part, which complies with applicable federal aviation airworthiness requirements. The aircraft, at the time it left Cessna's possession, was in full compliance with all applicable federal certification requirements and airworthiness directives.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

121.    Plaintiffs' claims for punitive damages, if any, are barred by or limited by various constitutional and statutory provisions, including without limitation, proscriptions against double jeopardy and excessive fines, and provisions assuring due process and equal protection of the laws.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

122.    The Cessna Caravan 208B aircraft was certified as airworthy under standards provided for by the Federal Aviation Administration. The Federal Aviation Regulations govern every aspect of aviation safety, including providing the exclusive standard of care for the design and manufacture of aircraft systems, and any other standards are preempted.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

123.    Cessna complied with all applicable federal and state statutes and administrative regulations existing at the time the Cessna Caravan 208B aircraft was designed and certified and all applicable standards for design, inspection, testing, warning, and manufacture.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

124.    The Cessna Caravan 208B aircraft and its component parts conformed to the "state of the art" at the time of its sale and was designed, manufactured, and tested pursuant to generally recognized and prevailing standards and was in conformance with the statutes, regulations, and requirements that governed the product at the time of design, manufacture, and sale.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

125.    Plaintiffs' claims are barred by the applicable statute of limitations or statutes of repose.

### THIRTIETH AFFIRMATIVE DEFENSE

126.    Plaintiffs' claims should be dismissed on the grounds of *forum non conveniens*.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

127.    Cessna reserves the right, upon completion of its investigation and discovery, to assert such additional defenses as may be appropriate.

WHEREFORE, Cessna prays for judgment dismissing Plaintiffs' Complaint, for its costs and disbursements and for such further relief as this Court may deem just and proper.

DATED:   April 30, 2008
         Garden City, New York

                                        MURPHY & MCKENNA LLC


                                        _____
                                        By: Robert S. Murphy
                                        Attorneys for Cessna
                                        1461 Franklin Avenue
                                        Garden City, New York
                                        (516) 739-3395

TO:   Eugene O'Neill, Esq.
      Attorney for Plaintiff
      Goldfinger & Lassar  LLP
      14 Penn Plaza
      Suite 300
      New York, New York  10122
      (212) 695-5670

      Jerome L. Skinner, Esq..
      NOLAN LAW GROUP
      Attorneys for Plaintiffs
      20 North Clark Street
      30th Floor
      Chicago, IL  60602
      (312) 630-4000

      Paul Moran, Esq,
      MENDES & MOUNT
      Attorneys for Goodrich
      750 Seventh Avenue
      New York, New York  10017
      (212) 261-8000

AFFIRMATION OF SERVICE

ROBERT S. MURPHY, an attorney duly admitted to practice before the Courts of the State of New York, under penalty of perjury deposes and says:

    1.    I am a member of Murphy & McKenna, LLC, counsel for CESSNA AIRCRAFT COMPANY. I am not a party to this action and reside in the County of Suffolk, New York. On the 30th day of April, 2008, I served a copy of the within ANSWER on all counsel listed below by depositing same in the custody of the United States Postal Service for delivery to:

    Eugene O'Neill, Esq.
    Goldfinger & Lassar  LLP
    14 Penn Plaza
    Suite 300
    New York, New York  10122

    Jerome L. Skinner, Esq..
    NOLAN LAW GROUP
    20 North Clark Street
    30th Floor
    Chicago, IL  60602

    Paul Moran, Esq,
    MENDES & MOUNT
    750 Seventh Avenue
    New York, New York  10017

Dated:  Garden City, New York
        April 30, 2008

                                                    _____
                                                    ROBERT S. MURPHY
                                                    Murphy & McKenna, LLC
                                                    1461 Franklin Avenue
                                                    Garden City, New York 11530
                                                    (516) 739-3395